**2026 IL 132015**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

(Docket No. 132015)

MALIK CEDRICK BRIGHT, Appellee, v. JEFFREY YENCHKO, in His Official Capacity as Chief of the Firearms Services Bureau of the Illinois State Police, Appellant.

*Opinion filed May 21, 2026.*

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Chief Justice Neville and Justices Overstreet, Holder White, Rochford, O'Brien, and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1        At issue in this appeal is section 8(n) of the Firearm Owners Identification Card Act (FOID Card Act) (430 ILCS 65/8(n) (West 2022)), which is part of a statutory scheme authorizing the Illinois State Police to suspend the FOID card of an individual who is charged with a felony offense. The plaintiff in this case was charged with a felony offense, and as a result, his FOID card was suspended. After

the felony charge was dismissed, the plaintiff filed a lawsuit in the circuit court of Randolph County seeking the reinstatement of his FOID card. In ruling on the parties' cross-motions for summary judgment, the trial court declared that section 8(n) of the FOID Card Act was facially unconstitutional "to the extent it allows [the Illinois State Police] to revoke, suspend or otherwise impair the ability of an Illinois citizen to possess firearms while under indictment (or information) for a felony offense." Because the trial court's judgment invalidated a state statute, an appeal was taken directly to this court. For the following reasons, we find that this case is moot and no mootness exception allows us to consider the appeal. We therefore vacate the trial court's judgment and remand the case to the trial court with directions to dismiss the action.

¶ 2                                    BACKGROUND

¶ 3        On February 25, 2023, the plaintiff, Malik Cedrick Bright, was charged with felony aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1) (West 2022)) in the circuit court of Cook County. At the time of the charge, Bright possessed a valid FOID card. On March 24, 2023, the Illinois State Police suspended Bright's FOID card "pursuant to" section 8.3 of the FOID Card Act (430 ILCS 65/8.3 (West 2022)) and "based upon" section 8(n) of the FOID Card Act (*id.* § 8(n)) and 18 U.S.C. § 922(n) (2018). Section 8.3 of the FOID Card Act states, in part: "The Illinois State Police may suspend the Firearm Owner's Identification Card of a person whose Firearm Owner's Identification Card is subject to revocation and seizure under this Act for the duration of the disqualification if the disqualification is not a permanent ground for revocation of a Firearm Owner's Identification Card under this Act." 430 ILCS 65/8.3 (West 2022). Section 8(n) authorizes the Illinois State Police to suspend or revoke the FOID card of any individual who is "prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law." *Id.* § 8(n). Federal law provides,

> "It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any

firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(n) (2018).

¶ 4    On April 20, 2023, the Cook County state's attorney dismissed the felony AUUW charge against Bright. Shortly thereafter, Bright filed an administrative appeal with the Illinois State Police, seeking the reinstatement of his FOID card on the basis that he was no longer charged with a felony. See 430 ILCS 65/10 (West 2022). On May 31, 2023, the Illinois State Police approved Bright's administrative appeal and reinstated his FOID card.[1]

¶ 5    On May 16, 2023, before his FOID card was reinstated, Bright filed a complaint in the circuit court of Randolph County against Jeffrey Yenchko, in his official capacity as chief of the Firearms Services Bureau of the Illinois State Police.[2] The complaint alleged that the action was brought pursuant to section 1983 of federal civil rights law (42 U.S.C. § 1983 (2018)). Bright alleged that on February 24, 2023, he was traveling in a vehicle with his FOID card and an unloaded "Glock .45 pistol" in a case. The vehicle was stopped by two police officers. Bright alleged that he presented his FOID card to the officers and told them that he had a cased, unloaded pistol in the vehicle. Nevertheless, the officers arrested Bright and seized the pistol.

¶ 6    Without citing any statutes, Bright alleged that, "as a result of being charged with a felony offense, *** Yenchko, in his official capacity, suspended, revoked or otherwise invalidated [Bright's] FOID card, without notice or opportunity to be heard." Bright alleged that his FOID card was not immediately reinstated when the charge was dismissed and that he was still without his FOID card. He alleged that, "[a]s a proximate cause, [Bright] has been deprived of his ability to keep and bear arms, under the [s]econd and [f]ourteenth [a]mendments, including in his own

_____

[1]Bright's administrative appeal form is dated April 21, 2023. According to Illinois State Police records, the form was received on May 31, 2023, and the appeal was approved on that same date.

[2]The complaint also named as defendants three Chicago police officers who were involved in Bright's arrest. The claims against the police officers were dismissed and are not at issue in this appeal.

home, where the right is the most protected." Bright's prayer for relief stated, in full:

> "WHEREFORE, Plaintiff humbly requests that this Honorable Court enter judgment in his favor, and against Defendant Jeffrey Yenchko, in his official capacity, and enjoin Defendant Yenchko from continuing to hold as suspended Plaintiff's FOID card, and from suspended [*sic*] Plaintiff's FOID card in the future, based on a mere criminal charge, as opposed to a conviction, plus costs of suit pursuant to [42 U.S.C. § 1988 (2018)], including attorney fees."

¶ 7 Yenchko filed a motion to dismiss the complaint under section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2022)), arguing that the reinstatement of Bright's FOID card by the Illinois State Police on May 31, 2023, rendered his claim moot. Yenchko later withdrew the motion to dismiss and filed a motion for summary judgment. In his summary judgment motion, Yenchko again argued that Bright's claim was moot because he had received the essential relief sought in the complaint. Yenchko further argued that none of the established mootness exceptions—public interest, being capable of repetition yet avoiding review, or collateral consequences—applied to Bright's claim. Alternatively, Yenchko argued that he was entitled to a judgment as a matter of law because (1) the second amendment's plain text did not cover persons charged with felonies and (2) section 8(n) of the FOID Card Act was "consistent with this Nation's historical tradition of firearm regulation." See *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (stating the test for second amendment claims).

¶ 8 In response to the motion for summary judgment, Bright did not deny that his claim was moot, but he argued that two mootness exceptions applied—the public interest exception and the capable of repetition yet evading review exception. Bright also disputed Yenchko's arguments on the merits of his second amendment claim. Throughout his argument, Bright expressly referred to his claim as an "as-applied" constitutional challenge to section 8(n) of the FOID Card Act. However, the language Bright used to describe the claim was more characteristic of a facial challenge than an as-applied challenge. For example, Bright argued that section 8(n) violated the second amendment rights of all persons charged with, but not convicted of, felony offenses.

- 4 -

¶ 9        On March 12, 2025, the trial court entered an order partially denying Yenchko's motion for summary judgment. The court ruled that, even though Bright's claim was moot because his FOID card had been reinstated, the court could reach the merits under the public interest exception to mootness. The court reserved ruling on the constitutional issues raised in the motion.

¶ 10       Subsequently, on May 30, 2025, Bright filed his own motion for summary judgment. In that motion, Bright continued to describe his claim as a facial constitutional challenge to section 8(n) of the FOID Card Act. Bright argued that section 8(n) was unconstitutional as to "all persons merely charge[d] with felony crimes." He asked the trial court to grant his motion and declare section 8(n) "unconstitutional, as applied, to persons charged, but not convicted of, any felony, and enjoin [Yenchko] from revoking any FOID cards pursuant to [section 8(n)], based solely and exclusive[ly] on a person being charged with any felony offense."

¶ 11       On July 7, 2025, the trial court entered an order finding section 8(n) of the FOID Card Act facially unconstitutional. The court found,

> "[b]ased on the lack of a historical analogue to the time of the founding, such as a risk-based, case-specific determination of a person under indictment's threat to the public and/or safety to the community, the Court is of the opinion there is no set of facts or application of this Statute that can pass constitutional muster."

The court set forth the required grounds for the finding of facial unconstitutionality. See Ill. S. Ct. R. 18 (eff. Sept. 1, 2006). The court then granted declaratory and injunctive relief, as follows:

> "1. 430 ILCS 65/8(n) is facially unconstitutional to the extent it allows [the Illinois State Police] to revoke, suspend or otherwise impair the ability of an Illinois citizen to possess firearms while under indictment (or information) for a felony offense;
>
> 2. [The Illinois State Police] is temporarily and permanently enjoined from utilizing 430 ILCS 65/8(n) as a basis to revoke, suspend or otherwise impair the ability of an Illinois citizen to possess firearms while under indictment (or information) for a felony offense;

3. This Order is stayed for a period of 35 days so that the Illinois Supreme Court can determine whether a stay of this order pending the outcome of any appeal is warranted;

4. This issue of attorney's fees and costs shall be determined after an appeal is taken in this matter. If no appeal is taken, Plaintiff's attorney has 60 days from the entry of this Order to file a Petition for Fees and set the same for hearing, upon proper notice."

¶ 12 Yenchko filed a notice of direct appeal in this court pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 302(a)(1) (eff. Oct. 4, 2011). Yenchko appealed both orders—the March 12, 2025, order, invoking the public interest exception to mootness and the July 7, 2025, order finding section 8(n) of the FOID Card Act facially unconstitutional. Yenchko filed a motion in this court to stay the trial court's judgment pending appeal. This court granted the motion on July 21, 2025.

¶ 13                                    ANALYSIS

¶ 14 We review *de novo* a decision holding a statute unconstitutional. *People v. Chairez*, 2018 IL 121417, ¶ 15. "Statutes are presumed to be constitutional, and the party challenging the validity of the statute has the burden to clearly establish the constitutional invalidity." *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 290 (2003). "If reasonably possible, a court must construe a statute so as to affirm its constitutionality." *People v. Howard*, 2017 IL 120443, ¶ 24. We also review *de novo* the trial court's rulings on summary judgment. *Oswald v. Hamer*, 2018 IL 122203, ¶ 9. "When parties file cross-motions for summary judgment, they mutually agree that there are no genuine issues of material fact and that the case may be resolved as a matter of law." *Id.* "Summary judgment is appropriate when the pleadings, depositions, and admissions on file, along with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 73; 735 ILCS 5/2-1005(c) (West 2022).

¶ 15 While multiple statutes were involved in the suspension of Bright's FOID card, Bright's summary judgment motion and the circuit court's judgment focused solely

on section 8(n) of the FOID Card Act (430 ILCS 65/8(n) (West 2022)). As such, the parties' arguments before this court focused on section 8(n).

¶ 16        Before addressing the merits of the trial court's orders, we will consider Yenchko's argument that the court improperly treated Bright's claim as a facial constitutional challenge. Because Bright brought only an as-applied challenge, Yenchko contends the court had no authority to expand Bright's claim and grant relief to parties other than Bright. Accordingly, the court erred in declaring section 8(n) facially unconstitutional and enjoining the suspension of FOID cards for all individuals charged with felonies.

¶ 17        Facial and as-applied constitutional challenges are not interchangeable. *Kopf v. Kelly*, 2024 IL 127464, ¶ 22. The distinction between the two types of challenges is critical. *Id.* "[A] party raising a facial challenge must show that the statute is unconstitutional under any possible set of facts, whereas a party raising an as-applied challenge must establish that the statute is unconstitutional as it applies to the party's particular facts and circumstances." *Piasa Armory, LLC v. Raoul*, 2025 IL 130539, ¶ 13. In an as-applied challenge, the court is limited to examining the facts of the case before it and not *any* set of hypothetical facts under which the statute might be unconstitutional. *People v. Gray*, 2017 IL 120958, ¶ 58. By contrast, "[s]uccessfully making a facial challenge to a statute's constitutionality is extremely difficult, requiring a showing that the statute would be invalid under *any* imaginable set of circumstances." (Emphasis in original.) *In re M.T.*, 221 Ill. 2d 517, 536 (2006). "The invalidity of the statute in one particular set of circumstances is insufficient to prove its facial invalidity." *Id.* at 536-37.

¶ 18        The outcome of a successful facial challenge also differs from that of an as-applied challenge. "If a plaintiff prevails in an 'as applied' challenge, enforcement of the statute is enjoined only against the plaintiff, while a finding that a statute is facially unconstitutional voids the statute in its entirety and in all applications." *In re M.A.*, 2015 IL 118049, ¶ 40. Because a successful facial challenge nullifies a statute for all parties in all contexts, "[f]acial invalidation is, manifestly, strong medicine that has been employed by the court sparingly and only as a last resort." (Internal quotation marks omitted.) *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009) (quoting *National Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998)).

¶ 19     There is no question that Bright's complaint did not present a facial challenge to the statute. Under the most generous reading, the complaint raises only an as-applied challenge. Bright alleged that he was "deprived of *his* ability to keep and bear arms" (emphasis added), not that section 8(n) deprived all individuals charged with felonies of their second amendment rights. As relief, Bright sought only an injunction prohibiting Yenchko "from continuing to hold as suspended [his] FOID card" or suspending "[his] FOID card in the future." He did not seek a declaration that section 8(n) is facially invalid or that it is invalid as to anyone other than him.

¶ 20     Notably, the complaint alleged that it was Yenchko, in his capacity as a governmental official, who violated Bright's constitutional rights. See Nicholas Q. Rosenkranz, *The Subjects of the Constitution*, 62 Stan. L. Rev. 1209, 1236 (2010) (in an "as-applied" challenge, the public official who executed the law is alleged to have violated the individual's constitutional rights). The complaint did not allege that section 8(n) was facially unconstitutional as of the time of its enactment, nor did it even cite the statute. Bright did not request that the trial court award any relief to a class of other FOID card owners. He requested only the return of his own FOID card and an injunction preventing Yenchko from suspending his FOID card in the future. Because Bright "framed [his] claim in terms of [his] individual circumstances" and requested only individual relief, he necessarily categorized his claim as an as-applied challenge. See *Piasa Armory*, 2025 IL 130539, ¶ 14.

¶ 21     Even though Bright described his claim as a facial challenge at various points in the summary judgment proceedings, he was bound by the claim as alleged in his complaint. "It is well established that a plaintiff is bound by the allegations in the complaint when arguing against a motion for summary judgment." *Haase v. Kankakee School District 111*, 2025 IL 131420, ¶ 36. "A summary judgment motion is confined to the issues raised in the complaint, and a plaintiff may not raise new issues not pleaded in his complaint to support or defeat a motion for summary judgment." *Caulkins v. Pritzker*, 2023 IL 129453, ¶ 36. Moreover, despite arguing in the summary judgment proceedings that section 8(n) violated the rights of all persons charged with felonies, Bright never sought leave to amend his complaint to broaden its scope. See *id.* ("if a party does not seek to amend his complaint, he cannot raise new claims in a summary judgment motion").

¶ 22 Furthermore, it was improper for the trial court to consider a claim that was not pled in the complaint and to grant relief that was not requested in the complaint. "The purpose of a complaint is to crystallize the issues in controversy, so that a defendant will know what claims it has to meet." *Filliung v. Adams*, 387 Ill. App. 3d 40, 51 (2008) (citing *Gold Realty Group Corp. v. Kismet Café, Inc.*, 358 Ill. App. 3d 675, 679 (2005), citing *Pagano v. Occidental Chemical Corp.*, 257 Ill. App. 3d 905, 911 (1994)). "When ruling on a motion for summary judgment, the trial court looks to the pleadings to determine the issues in controversy." *Id.* The trial court may not grant summary judgment on an issue that was not properly pled in the complaint. *Gold Realty Group*, 358 Ill. App. 3d at 680.

¶ 23 In this case, the trial court not only went beyond the bounds of the complaint to grant relief to nonparties, but it did so for the purpose of invalidating the entire statute for all Illinois citizens charged with felonies. In doing so, the court ignored its obligation to avoid reaching constitutional issues unless necessary to decide a case. See *People v. Bass*, 2021 IL 125434, ¶ 30 (under the "long-standing rule" of constitutional avoidance, "cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort" (citing *In re E.H.*, 224 Ill. 2d 172, 178 (2006))). Accordingly, we find that the trial court erred when it ruled on a claim that was not alleged in the complaint and entered permanent injunctive relief that was outside the scope of the complaint.

¶ 24 Viewing the complaint as it was framed, raising only an as-applied challenge as related to Bright, the trial court should have dismissed the complaint as moot because this case does not fall within an established mootness exception. "An appeal is moot if no controversy exists or if events have occurred which foreclose the reviewing court from granting effectual relief to the complaining party." *In re Shelby R.*, 2013 IL 114994, ¶ 15. "As a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009).

¶ 25 On May 31, 2023, approximately two weeks after filing his complaint, Bright's FOID card was reinstated by the Illinois State Police pursuant to his administrative appeal. As a result, the trial court was unable to grant Bright effective relief, and the case became moot. Although Bright's complaint requested additional relief in

the form of enjoining Yenchko from suspending his FOID card in the future, that relief is too speculative to save the cause of action from being dismissed as moot. See *Davis v. Yenchko*, 2024 IL 129751, ¶ 24 (holding that the risk of future revocation of the plaintiffs' FOID cards, in the event that the plaintiffs might be charged with future felony offenses, was insufficient to confer plaintiffs with standing because the injury was purely speculative). Thus, Bright's claim is moot as a matter of law.

¶ 26    Nevertheless, the trial court found that the issue presented by Bright's claim fell within the public interest exception to the mootness doctrine. We disagree. "[W]hether a case falls within an established exception to the mootness doctrine is a case-by-case determination." *Alfred H.H.*, 233 Ill. 2d at 355. "These exceptions are to be construed narrowly and require a clear showing of each criterion to bring the case within the terms" of the exception. *In re J.T.*, 221 Ill. 2d 338, 350 (2006). The party challenging a finding of mootness bears the burden of proving that an exception applies. See *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253, ¶ 12.

¶ 27    "The public interest exception to the mootness doctrine permits review of an otherwise moot question when the magnitude or immediacy of the interests involved warrants action by the court." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 12. The exception requires a clear showing that " '(1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur.' " *Id.* (quoting *Shelby R.*, 2013 IL 114994, ¶ 16). "If any one of the criteria is not established, the exception may not be invoked." *Id.* ¶ 13.

¶ 28    This case fails to satisfy the first criterion of the public interest exception. Bright's claim does not involve an issue of a public nature because he raised only an as-applied constitutional challenge focusing on section 8(n) of the statutory scheme that resulted in his suspension. Issues involving the application of a law to a particular party or set of facts generally do not present the kinds of broad public interest issues necessary to trigger the public interest exception to mootness. See, *e.g.*, *Alfred H.H.*, 233 Ill. 2d at 356-57 (sufficiency of the evidence claims are inherently case-specific reviews, not issues of a public nature); *Felzak v. Hruby*, 226 Ill. 2d 382, 393 (2007) (an issue involving the parties' agreed visitation order

was not of sufficient breadth, nor did it have a significant effect on the public as a whole, so as to satisfy the public nature criterion); *In re Christopher K.*, 217 Ill. 2d 348, 362 (2005) (whether a statute was unconstitutionally vague *as applied to the defendant* was "an issue specific to the facts of [the] defendant's case" and, therefore, was "not public in nature").

¶ 29 In this case, Bright's as-applied challenge is dependent on the particular facts and circumstances of his case. The injunctive relief he requested would restrain the enforcement of the statute only as to Bright himself. We therefore determine that this case does not present a question of a public nature. Because Bright cannot clearly establish that his as-applied challenge encompasses an issue of a public nature, it does not fall within the public interest exception to the mootness doctrine. See *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 13 ("If any one of the criteria is not established, the [public interest] exception may not be invoked.").

¶ 30 Alternatively, Bright contends that this case fits within the mootness exception for issues that are capable of repetition yet avoiding review. However, we find that this contention also lacks merit. The capable of repetition yet avoiding review exception has two elements. "For this exception to apply, there must be a reasonable expectation that the same complaining party would be subject to the same action again and the action challenged must be of such short duration that it cannot be fully litigated prior to its cessation." *J.T.*, 221 Ill. 2d at 350 (citing *In re India B.*, 202 Ill. 2d 522, 543 (2002)).

¶ 31 Bright cannot establish the first criterion of the exception. His claim that he may be charged with another felony offense and have his FOID card suspended at some time in the future is purely speculative. See *Holly v. Montes*, 231 Ill. 2d 153, 157 (2008). In short, he has not established a realistic expectation that he will personally be subject to the same action again. We thus find that this case is moot and Bright has failed to make a clear showing of the necessary criteria to invoke an exception to the mootness doctrine.

¶ 32                                                    CONCLUSION

¶ 33 For the foregoing reasons, we vacate the trial court's judgment finding section 8(n) of the FOID Card Act facially unconstitutional "to the extent it allows [the

Illinois State Police] to revoke, suspend or otherwise impair the ability of an Illinois citizen to possess firearms while under indictment (or information) for a felony offense" and enjoining the suspension of FOID cards as to those persons. In entering this disposition, we express no opinion on the merits of the parties' other arguments. The cause is remanded to the trial court with directions to dismiss the complaint. See *In re Marriage of Donald B.*, 2014 IL 115463, ¶¶ 35, 38 (where an appeal is moot and no mootness exception applies, we vacate the lower court's judgment and dismiss the action).

¶ 34          Circuit court judgment vacated.

¶ 35          Cause remanded with directions.